```
       IN THE UNITED STATES DISTRICT COURT
     FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


BRIAN COOK,                     :
                                :
         Plaintiff              :    CIVIL NO. 1:15-CV-01940
                                :
     vs.                        :
                                :
DONALD HARKOM, et al.,          :    (Judge Rambo)
                                :
         Defendants             :
```

## MEMORANDUM AND ORDER

## Background

On October 6, 2015, Brian Cook, an inmate presently confined at the State Correctional Institution at Retreat, Hunlock Creek, Pennsylvania ("SCI-Retreat"), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. 1. The defendants named in the complaint are the following six individuals allegedly employed by the Pennsylvania Department of Corrections: (1) Donald Harkom, records room officer at the State Correctional Institution at Somerset ("SCI-Somerset"); (2) Donald Talley, records room officer at SCI-Somerset; (3) Mindy Lou Granlund, records room officer at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"); (4) Andrea Wakefield, records room officer

at SCI-Huntingdon; (5) Bonnie Stognief, records room officer at SCI-Retreat; and (6) Christopher Cominsky, records room officer at SCI-retreat. Along with his complaint, Cook submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, a new section was added which relates to screening complaints in prisoner actions.[1] For the reasons outlined below, Cook will be granted temporary in forma pauperis status, the complaint will be dismissed and

---

1. Section 1915(e)(2) provides:
   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Cook will be granted an opportunity to submit an amended complaint.

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements:  1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Natale v. Camden County Corr. Facility</u>, 318 F.3d 575, 580-581 (2003);  <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995); <u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Cook's claims are set forth on a form § 1983 complaint which are routinely provided to <u>pro</u> <u>se</u> litigants.  The complaint is completely conclusory and does not specify any conduct, wrongful or otherwise, of the named defendants.  The following is Cook's Statement of Claim <u>in</u> <u>toto</u>, including the grammatical errors:

> first violation, Liberty under the 14th
> Amendment. Second violation, Due Process
> under the 14th Amendment.
> All named Defendants either individually

>or officially Denied this Plaintiff His Due Process Rights under the 14th Amendment to the U.S. Constitution by denying Him, his 14th Amendment liberty interest without a hearing which Due Process mandates.

Doc. 1, at 3 & 5. As relief, Cook requests a recalculation of his maximum sentence date and "in excess of $2,748,000 both compensatory and punitive from each individually named Defendants either in thier (sic) official or individual capacity or both and any and all relief this court deems appropriate." Id., at 5.

Cook does not allege that he has been or is presently being held in prison beyond his sentence maximum date.[2] Furthermore, Cook does not indicate the crime of which he was convicted, the sentence which was imposed, the court which imposed the sentence, the maximum date of the sentence or how each of the defendants were involved in the calculation of his sentence maximum which was at odds with the sentence

---

2. To the extent that Cook seeks release from confinement, it is well settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975).

imposed by a trial court. Moreover, he does not indicate how any proceedings conducted by the named defendants or in which they were involved violated his Due Process rights.

Pro se parties are accorded substantial deference and liberality in federal court. Haines v. Kerner, 404 U.S. 519 (1972); Hughes v. Rowe, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in § 1983 cases, a § 1983 complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the

complaint is not frivolous and a defendant has adequate notice to frame an answer. A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Under even the most liberal construction, Cook's complaint is in violation of Rule 8.  It does not give the defendants fair notice of what Cook's claim is and the grounds upon which it rests.  Even taking into account the fact that Cook is proceeding pro se, his complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure.  Although brief and concise, it does not set forth in understandable terms what it is about which Cook is complaining.  Accordingly, the complaint is subject to sua sponte dismissal by the court.  Such dismissal will be ordered with leave to file an amended complaint. See Ala' Ad-Din Bey v. U.S. Department of Justice, 457 Fed.Appx. 90, 91 (3d Cir. 2012)(quoting Salahudin v. Cuomo, 861 F.2d 40 (2d Cir. 1988)).

Based upon the above legal standards, it is clear that any claims against the named defendants are subject to dismissal in that Cook fails to set forth any factual allegations against them in the complaint. There are no factual allegations with respect to where and when each defendant was involved in wrongdoing. Without such factual allegations, it is impossible to conclude that defendants have deprived Cook of any constitutional rights entitling him to monetary damages. As such, the present complaint will be dismissed pursuant to Rule 8, as well as, 28 U.S.C. § 1915(e)(2)(B)(ii) as he fails to state a claim against the defendants upon which relief may be granted.[3]

---

3. While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal,___U.S.___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a
(continued...)

Although the complaint as filed fails to state a cause of action against any of the named defendants, it is possible that the deficiencies may be remedies by amendment. Consequently, Cook will be granted such opportunity. Cook is also advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the complaint already filed. Such amended complaint should set forth his claims in short, concise and plain statements. It should specify which actions are alleged as to which defendants. If Cook fails to file an amended complaint adhering to the standards set forth above, this case will be closed.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Cook's motion to proceed <u>in forma pauperis</u> (Doc. 2) is construed to be a motion proceed without full prepayment of the filing fee and is **GRANTED.**

---

3. (...continued)
court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" <u>Id</u>., 127 S.Ct. at 1965 (quoted case omitted).

2. Cooks complaint is **DISMISSED** for failure to comply with Fed. R. Civ. P. 8(a) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with leave to file an amended complaint, consistent with the background of this order, within twenty (20) days of the date hereof.

3. If Cook fails to file an amended complaint within twenty (20) days of the date hereof, the Clerk shall **CLOSE** this case without further order of court.

S/SYLVIA H. RAMBO
United States District Judge

Dated: October 19, 2015