```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


BRIAN COOK,                     :
                                :
       Plaintiff                :    CIVIL NO. 1:15-CV-01940
                                :
    vs.                         :
                                :
DONALD HARKOM, et al.,          :    (Judge Rambo)
                                :
       Defendants               :
```

**MEMORANDUM**

**Background**

On October 6, 2015, Brian Cook, an inmate presently confined at the State Correctional Institution at Retreat, Hunlock Creek, Pennsylvania ("SCI-Retreat"), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. 1. The defendants named in the complaint were the following six individuals allegedly employed by the Pennsylvania Department of Corrections: (1) Donald Harkom, records room officer at the State Correctional Institution at Somerset ("SCI-Somerset"); (2) Donald Talley, records room officer at SCI-Somerset; (3) Mindy Lou Granlund, records room officer at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"); (4) Andrea Wakefield, records room officer

at SCI-Huntingdon; (5) Bonnie Stognief, records room officer at SCI-Retreat; and (6) Christopher Cominsky, records room officer at SCI-retreat.  Along with his complaint, Cook submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Cook's claims were set forth on a form § 1983 complaint which are routinely provided to pro se litigants.  The complaint was completely conclusory and did not specify any conduct, wrongful or otherwise, of the named defendants.  The following was Cook's Statement of Claim in toto, including the grammatical errors:

> first violation, Liberty under the 14th Amendment. Second violation, Due Process under the 14th Amendment.
> All named Defendants either individually or officially Denied this Plaintiff His Due Process Rights under the 14th Amendment to the U.S. Constitution by denying Him, his 14th Amendment liberty interest without a hearing which Due Process mandates.

Doc. 1, at 3 & 5.  As relief, Cook requested a recalculation of his maximum sentence date and "in excess of $2,748,000 both compensatory and punitive from each individually named Defendants either in thier (sic)

official or individual capacity or both and any and all relief this court deems appropriate." Id., at 5.

Cook did not allege that he had been or was presently being held in prison beyond his sentence maximum date. Furthermore, Cook did not indicate the crime of which he was convicted, the sentence which was imposed, the court which imposed the sentence, the maximum date of the sentence or how each of the defendants were involved in the calculation of his sentence maximum which was at odds with the sentence imposed by a trial court.  Moreover, he did not indicate how any proceedings conducted by the named defendants or in which they were involved violated his Due Process rights.

By memorandum and order of October 19, 2015, Cook's complaint was dismissed for failure to comply with Fed. R. Civ. P. 8(a) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with leave to file an amended complaint within 20 days of the date of the memorandum and order.  On November 5, 2015, the court received a

seven-page amended complaint from Cook. Doc. 9.  In the amended complaint Cook names as a defendant, in additional to those individuals named in the original, Terry A. Douglas, who is alleged to be a supervisor records officer of the Pennsylvania Department of Corrections and stationed at the State Correctional Institution at Somerset. Doc. 9, at 2.  Cook alleges that he was sentence to a term of 3 ½ to 15 years and that he was paroled on September 9, 1999, to the state of Florida where his family lived. Id. at 3. Cook further claims that he was arrested in 2003 in Florida for "failure to appear" and sentenced in Florida to time served and then "released from the Pinellas County Jail to Pa Department of Corrections on 9/15/2004." Cook in the Statement of Facts section of the amended complaint does not give any specifics as to the offense for which he received 3 ½ to 15 years, the date of sentencing or the jurisdiction which sentenced him. Id.  He further does not give any specifics regarding why he was arrested in Florida other than "for failure to appear" or the circumstances surrounding his return to the

Pennsylvania Department of Corrections.[1]  Id.  However, Cook attached to his amended complaint several exhibits including one entitled "Court Commitment State or County Correctional Institution" and a sentencing order dated June 15, 1995, which reveal that Cook on June 15, 1995, entered a plea of guilty to a charge of robbery before Judge Arnold L. New of the Philadelphia Court of Common Pleas and was sentenced by Judge New to a term of imprisonment of 3 ½ to 15 years. Doc. 9-1, at 2. A third document attached by Cook to the amended complaint reveals that his original sentence minimum date was December 15, 1998, and his maximum sentence date was June 15, 2010.  Doc. 9-1, at 4.  As a result of a parole violation, however, the maximum date was determined to be July 25, 2016, pursuant to a Pennsylvania Department of Corrections Sentence Status Summary prepared at SCI-Retreat on September 27, 2012.  Id.  The remaining documents attached to the amended reveal that there were modifications over time in the

___

1. It would appear from Cook's allegations that his parole on the Pennsylvania offense was revoked for some violation of the conditions of his parole.

records of the Pennsylvania Department of Corrections relating to Cook's maximum sentence date, e.g., a Sentence Status Summary prepared on January 26, 2012, reveals that the effective date of Cook's sentence was June 15, 1995; the minimum date was December 15, 1998; the original maximum date was June 15, 2010; as a result of a parole violation he owed backtime of 2940 days; and his new maximum as the result of the parole violation was April 6, 2016.  Id. at 6-15.  As relief Cook in the amended complaint asks for a declaratory judgment that the defendants violated his right by miscalculating his sentence maximum; a preliminary and permanent injunction ordering Defendants Harkom, Talley, Douglas, Granlund, Wakefied, Stognief and Cominsky "to uphold the Maximum Judicially imposed date of 6/15/2010;" compensatory damages in the amount of $2,748,000 against each defendant; and punitive damages in the amount of $5,000,000 against each defendant.  Doc. 9, at 6.

It is clear from a review of the amended complaint and the documents attached to it that it suffers from similar defects as the original complaint.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Thus, Cook's complaint for damages is legally frivolous because he asserts that he is incarcerated unlawfully, but he can not maintain a cause of action for unlawful imprisonment until the basis for that imprisonment is rendered invalid.

Furthermore, to the extent that Cook seeks release from confinement, it is well settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). Cook needs to first pursue any state

court remedies he may have relating to the calculation of his sentence maximum and fully exhaust those remedies before he proceeds in federal court with a petition for writ of habeas corpus.

Consequently, the claims against the defendants are not cognizable. In light of the clear frivolity of the claims raised in the amended complaint the court will dismiss it as frivolous, without further leave to amend, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[2]

Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve. See Roman v. Jeffes, 904 F.2d 192, 195 n. 3 (3d Cir. 1990).

An appropriate order will be entered.

Ö挵¥ÅFFÐÐÖÐFÍ  s/Sylvia H. Rambo
         Û^↔\æäÁU\á\æbÁŒ↔b\ã↔ \AU|a&æ

---

2. It would be inequitable and futile to grant Cook another opportunity to amend. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).